# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA,<br><br>    Plaintiff,<br><br>v.<br><br>J. HARMON,<br><br>    Defendant. | Case No.: 1:18-cv-01186-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 2] |

Plaintiff Terrence McCrea is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on September 4, 2018, along with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 1, 2.)

## I.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions,

1

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was retaliated against for attempting to exercise his free speech rights, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: McCrea v. McComber et al., No. 2:15-cv-01605-KJN (PC) (E.D. Cal. Dec. 21, 2015) (dismissed action for failure to state a cognizable claim for relief); McCrea v. Johnson, et al., No. 2:15-cv-01487-JAM-CKD (PC) (E.D. Cal. Dec. 9, 2015 (dismissed action with prejudice for failure to state a cognizable claim for relief); and McCrea v. Lesniak et al., No. 1:17-cv-01329-LJO-SAB (PC) (E.D. Cal. Apr. 12, 2018) (dismissed action with prejudice for failure to state a cognizable claim for relief).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 21, 2017. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, in seeking monetary damages, Plaintiff contends that officer J. Harmon threatened and retaliated against him on August 17, 2017, after Plaintiff expressed his desire to file a complaint against the officer. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## CONCLUSION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 9) be denied; and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2018**

UNITED STATES MAGISTRATE JUDGE